9/UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                  :

CHRISTIAN MANUEL LAMINIA GUACHAMBALA,  :

                                  :

          Petitioner,           :

                                  :       26-CV-1830 (JMF)

     -v-                 :

                                  :         ORDER

TODD M. LYONS et al.,             :

                                  :

          Respondents.      :

                                  :

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On April 21, 2026, Petitioner Christian Manuel Laminia Guachambala filed a declaration in support of his motion to vacate the stipulated dismissal in this case, alleging that his prior counsel — Leonard H. Hecht — entered that stipulation without Petitioner's knowledge and consent. *See generally* ECF No. 19-1. By placing his communications with counsel regarding the stipulation and subsequent bond hearing at issue, Petitioner has almost certainly waived any privilege with respect to those communications. *See, e.g.*, *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008). In any event, Petitioner has executed a limited waiver of attorney-client privilege and confidentiality as to Mr. Hecht to the extent necessary to litigate and adjudicate the pending motion to vacate. *See* ECF No. 21-2.

In light of Petitioner's submissions, Mr. Hecht is hereby ORDERED to file a sworn declaration responding to each of the following questions in separate, numbered paragraphs:

1. Did you represent petitioner Christian Laminia Guachambala in this action at the time the stipulation of dismissal was negotiated and executed?

2. Please state the total number of times you communicated with Mr. Laminia during your representation and describe the manner of those communications, including whether they occurred in person, by video, by telephone, by text message, by email, or by any other means.

3.  Is Mr. Laminia fluent in English?

4.  Are you fluent in Spanish?

5.  Did you use an interpreter in communicating with Mr. Laminia, and if so, please identify the interpreter.

6.  Do you recall speaking with Mr. Laminia using his wife's cellular telephone?

7.  Who was present during your communications with Mr. Laminia, including whether his wife or any family member was present, and where those communications took place?

8.  There was a bond hearing in this matter, correct?  On what date did it take place?

9.  Did Mr. Laminia's wife come to your office to prepare for the bond hearing?  If so, on what date did that meeting occur?

10. Before signing the stipulation, were you aware of case law in this Circuit in which judges had ordered immediate release after granting habeas relief based on unlawful 8 U.S.C. § 1226 detentions?

11. Did you discuss the bond hearing with Mr. Laminia prior to its occurrence, and if so, when?

12. What, if anything, did you tell Mr. Laminia about his prospects for being granted bond by an immigration judge?

13. Do you recall telling Mr. Laminia and his wife, in sum and substance, that the "habeas had not been accepted" and that the only thing you "could get him was a bond hearing before an immigration judge"?

14. Please state each date on which you communicated with Mr. Laminia about the proposed stipulation before it was executed, the manner of each communication, and the approximate duration of each communication.

15. Before signing the stipulation, did you discuss with Mr. Laminia resolving the habeas action by agreeing to dismissal in exchange for a bond hearing?

16. Before signing the stipulation, did you make a recommendation to Mr. Laminia as to whether to proceed to a full hearing on the merits of the habeas petition? If so, what was that recommendation?

17. Before signing the stipulation, did you discuss with Mr. Laminia the strengths and weaknesses of continuing to litigate the habeas petition on the merits and the possibility of

2

seeking immediate release from the district court rather than proceeding solely to a bond hearing?

18. Before signing the stipulation, did you have an opportunity to discuss with Mr. Laminia the consequences of agreeing to it, and did you believe that he fully understood those consequences?

19. Before signing the stipulation, did you inform Mr. Laminia that the agreement would dismiss the federal habeas action, close the case, terminate the stay of removal and anti-transfer protections, and result in no ruling by the Court on the legality of his arrest and detention?

20. Before signing the stipulation, did you inform Mr. Laminia that the government had represented to the Court that he was not subject to detention under 8 U.S.C. § 1225(b)(2)(A), but instead that the dispute concerned 8 U.S.C. § 1226(a)?

21. Before signing the stipulation, did you inform Mr. Laminia that the original habeas petition alleged that "the government made no individual assessment prior to detaining Petitioner"?

22. Before signing the stipulation, did you inform Mr. Laminia that entering into it would abandon any request for immediate release by the district court based on the alleged unlawfulness of his arrest and detention?

23. Did Mr. Laminia knowingly and expressly give you permission to enter into the agreement to dismiss the case?

24. If so, please state when and how such permission was given, and set forth as precisely as possible the words used by Mr. Laminia or the substance of what he said.

25. Did Mr. Laminia ever state that he agreed to dismiss the federal habeas case even if the bond hearing did not result in his release?

26. Did Mr. Laminia ever state that he agreed to abandon any claim that ICE arrested or detained him without an individualized custody determination or any claim for immediate release by the habeas court?

27. Did you explain to Mr. Laminia that the agreement did not include any admission by the government on the merits and provided only for a bond hearing before an immigration judge rather than a decision by this Court on the legality of the arrest or detention?

28. Did you speak with Mr. Laminia's wife or any family member regarding whether he agreed to dismiss the habeas case?  If so, please state when and what was said.

29. After the immigration judge denied bond on March 16, 2026, did you tell Mr. Laminia, in substance, that the case had been "lost" or that there was "nothing more" that could be done?

30. After the bond hearing, did you make any similar statements to Mr. Laminia's wife?

31. Please identify all notes, emails, text messages, correspondence, memoranda, or other documents in your possession, custody, or control that reflect communications with Mr. Laminia regarding whether to stipulate to dismissal of this action.

Mr. Hecht shall file the declaration **no later than April 29, 2026**.  Failure to do so or failure to answer any of the questions above may result in the imposition of sanctions.

Out of an abundance of caution, the Court hereby ORDERS Petitioner's current counsel — Mr. Musa-Obregon — to serve a copy of this Order on Mr. Hecht **by the end of today, April 24, 2026**, and file proof of such service on the docket.

SO ORDERED.

Dated: April 24, 2026
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

4